```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


RONALD JOHN KOLEK,            )
        Plaintiff,            )
                              )
                 v.           )   C.A. No. 13-cv-30156-MAP
                              )
CAROLYN W. COLVIN,            )
Commissioner of the Social    )
Security Administration,      )
        Defendant.            )
```

### MEMORANDUM AND ORDER REGARDING
### PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
### AND DEFENDANT'S MOTION FOR ORDER AFFIRMING DECISION OF
### COMMISSIONER
(Dkt. Nos. 13 & 15)

December 5, 2014

PONSOR, U.S.D.J.

### I. INTRODUCTION

Plaintiff, Ronald John Kolek, has appealed the final decision of Defendant, Carolyn W. Colvin, Commissioner of the Social Security Administration, denying his application for Disability Insurance Benefits and Supplemental Security Income. The parties filed cross-motions for judgment on the pleadings. The court, in a brief memorandum issued on September 30, 2014, allowed Defendant's Motion for Order Affirming Decision of Commissioner (Dkt. No. 15) and denied Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 13). See Dkt. No. 18. The court's ruling indicated that

final judgment would not enter, however, until a more detailed memorandum setting forth the court's rationale issued. This is that memorandum.

The central issues presented by the cross motions were whether an inconsistency between a hypothetical posed to the vocational expert and a limitation described in Plaintiff's Residual Functional Capacity ("RFC") warranted reversal and, in addition, whether the Administrative Law Judge ("ALJ") properly weighed Plaintiff's credibility. As the discussion below makes clear, any inconsistency between the hypothetical question and the RFC was harmless, and substantial evidence supported the ALJ's assessment of Plaintiff's credibility. Given this, the court is obliged to order entry of judgment for Defendant.

## II. DISCUSSION

The parties are well aware of the factual and procedural history of this case, the standard of review, and the five-step sequential analysis the ALJ must perform. The court will, accordingly, proceed directly to the two arguments advanced by Plaintiff as to why the ALJ erred in reaching his decision.

A. The ALJ's Hypothetical

The ALJ conducted a hearing in accordance with the familiar five-step process set forth in the relevant regulations and case law. See 20 C.F.R. §§ 404.1520 & 416.920; Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). Plaintiff contends that the ALJ erred by posing a hypothetical question to a vocational expert that contained limitations that were materially less restrictive than those listed in the final RFC. This inconsistency, Plaintiff says, undermined the ALJ's finding, at the fifth step of the analysis, that Plaintiff was not disabled.

At the hearing, the ALJ asked the vocational expert whether a person with an identical background to Plaintiff could find work, with the caveat that the "work should not be in environments with more than incidental exposure to fumes or cold or vibration." (Administrative Record ("A.R.") 91-92.) This limitation, Plaintiff argues, was inconsistent with the RFC, wherein the ALJ determined that Plaintiff was "unable to perform work that allowed for exposure to extremes of cold or vibration." (A.R. 30.)

Based, in part, on the hypothetical question posed, the vocational expert testified that Plaintiff was able to work in the national economy as a parking lot attendant, cashier II, and ticket-seller. (AR 92.)

Plaintiff's argument fails for several reasons. First, it is not apparent that the hypothetical posed by the ALJ was inconsistent with the RFC. While the wording of the hypothetical was not identical to the language in the RFC, it conveyed the same limitations. An employee that was "unable to perform work that allowed for exposure to extremes of cold or vibration," as the RFC noted, would logically be able to perform a job in a work environment with no more than "incidental exposure to fumes or cold or vibration," as the ALJ asked. Thus, the ALJ's hypothetical posed to the expert was essentially consistent with the RFC.

Second, even if the court were to construe the ALJ's hypothetical question as inconsistent with the RFC, the error would be harmless. It is well established that "remand is not essential if it will amount to no more than an empty exercise." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st. Cir. 2000).

In this case, remand would be futile because the positions that the vocational expert testified the Plaintiff was capable of performing -- parking lot attendant, cashier II, and ticket seller -- do not require exposure to extreme cold or vibrations. Thus, even if this court were to remand the case back to an ALJ, any correction in this minor inconsistency in the hypothetical would still result in the finding that Plaintiff was capable of performing positions that do not entail exposure to extreme temperatures or vibrations. See, e.g., Dictionary of Occupational Titles (DICOT) 915.473-010, Parking Lot Attendant, 1991 WL 687865 (noting that the position does not include exposure to extreme cold, extreme heat, or vibration); DICOT 211.462-010, Cashier II, 1991 WL 671840 (same); DICOT 211.467-030, Ticket Seller, 1991 WL 671853 (same). Accordingly, the ALJ's error, assuming one occurred, did not prejudice Plaintiff because the expert's testimony would not have changed.

B.  The Credibility Assessment

Plaintiff next argues that the ALJ improperly discredited his testimony. He contends that the ALJ failed

to consider the entire record when concluding that Plaintiff's subjective complaints were inconsistent with the medical evidence.  In making this claim, Plaintiff focuses on his own subjective characterizations of his pain and on certain medical records that, he says, support him.  Because substantial evidence does not support the ALJ's assessment of his credibility, Plaintiff says, the decision must be reversed and remanded as a matter of law.

It is axiomatic that the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Accordingly, the court must affirm the Commissioner's findings if "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion."  <u>Rodriguez v. Sec'y of Health & Human Servs.</u>, 647 F.2d 218, 222 (1st Cir. 1981).  Affirmance is warranted "even if the record arguably could justify a different conclusion."  <u>Rodriguez Pagan v. Sec'y of Health & Human Servs.</u>, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

Here, substantial evidence supports the ALJ's decision that Plaintiff's subjective complaints were not sufficiently

supported by the medical record. Though Plaintiff does point to some medical records that tend to support his disability claim, the record must be read in its totality. Viewed in this light, the ALJ had a more than adequate basis to find Plaintiff's testimony inconsistent. The ALJ cited Plaintiff's ability to perform some daily living activities; his conservative treatment plan, which the ALJ found indicative of less serious injuries; his work history following the onset of the injury; and medical records in which a physician noted the inexplicability of Plaintiff's subjective complaints. (A.R. 33-39.) Accordingly, the ALJ did not impermissibly minimize the significance of Plaintiff's testimony. Instead, he considered the record and attributed more weight to the evidence that suggested Plaintiff's limitations were less severe than he contended.

The test here is not whether this court might personally have made a different decision, or whether some evidence existed in the record supporting Plaintiff's position. The task at this stage is simply to determine whether the Commissioner's decision was supported by

substantial evidence.  Since it was, Defendant is entitled to judgment in her favor.

### III. CONCLUSION

As noted, the court has previously denied Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 13) and allowed Defendant's Motion for Order Affirming Decision of Commissioner, (Dkt. No. 15).  For the foregoing reasons, the clerk is now ordered to enter final judgment for Defendant. This case may now be closed.

It is So Ordered.

                                        /s/ Michael A. Ponsor
                                        MICHAEL A. PONSOR
                                        U. S. District Judge